UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN A. THOMAS (#177753)                                CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                                NO. 05-0941-D-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, September 28, 2009.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN A. THOMAS (#177753)                                CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                                NO. 05-0941-D-M2

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of the single remaining defendant in this case, rec.doc.no. 112. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, instituted this action pursuant to 42 U.S.C. § 1983 against numerous prison officials at LSP, contending that the defendants violated his constitutional rights in numerous respects.  Pursuant to Report and Recommendation dated January 31, 2008, approved by the District Judge on March 6, 2008, see rec.doc.nos. 105 and 107, the Court has dismissed all of the plaintiff's claims except his claim that defendant Reginald Smith retaliated against the plaintiff in May and/or June, 2005.[1]

The single remaining defendant now moves for summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts and the affidavit of defendant Reginald Smith.

---

[1] Whereas the earlier Report and Recommendation made reference to a disciplinary report issued in May, 2005, it is clear from the facts alleged in the plaintiff's Complaint that he is complaining in fact of an initial disciplinary report issued at the defendant's direction on May 18, 2005, and of a second disciplinary report issued by the defendant himself on June 7, 2005.  The defendant apparently implicitly recognizes this distinction by acknowledging in his affidavit in support of summary judgment that he issued the plaintiff a disciplinary report "in or around May of 2005."  (Emphasis added).

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.

Based upon the evidence presented by the parties, the Court concludes that the defendant's motion must be denied.  In support of his motion for summary judgment, the defendant has provided an affidavit which simply states that he issued a disciplinary report against the plaintiff "in or around May of 2005" and that "the write-up was based on Declarant's personal observation of a prison disciplinary violation committed by Thomas and was not issued to retaliate against Thomas for having previously filed administrative grievances against prison security officers".  This affidavit is conclusory and self-serving in the extreme. It provides no facts whatever to indicate what, if anything, the defendant observed, where he was when he assertedly observed same, or when the supposed disciplinary violation occurred.  In contrast, the plaintiff has provided, under penalty of perjury, a detailed recitation of events commencing as early as March, 2005, including information relative to an administrative grievance filed by the plaintiff against the defendant on May 18, 2005, and culminating with an alleged disciplinary report issued by the defendant against the plaintiff on June 7, 2005.  Included in this recitation is information relative to numerous alleged threats of retaliation spoken by the defendant against the plaintiff, as well as alleged statements made by the defendant on the very date of the disciplinary report, explicitly confirming that the report was issued with retaliatory intent.  Based upon this detailed

chronology of events, it appears that the plaintiff has established that there are disputed issues of fact in this case as to whether the defendant subjected the plaintiff to retaliation.

Although the issuance of a false disciplinary report alone is not a constitutional violation, the issuance of a false disciplinary report in retaliation for an inmate's exercise of constitutional rights may amount to one.  Specifically, prison officials are not allowed to retaliate against or harass an inmate because of the inmate's exercise of his First Amendment right to seek access to the courts.  Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). Similarly, a prison security officer may not retaliate against an inmate in response to the inmate complaining to supervisors about the security officer's alleged wrongful conduct.  Ruiz v. Estelle, supra; Gibbs v. King, supra.  Although it is the plaintiff's burden to assert more than mere conclusory allegations of retaliation, he may overcome this burden by providing, "direct evidence of [retaliatory] motivation or ... a chronology of events from which retaliation may plausibly be inferred." Woods v. Smith, 60 F.3d. 1161 (5th Cir. 1995), cert. denied, sub nom, Palermo v. Woods, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996).

In the instant case, the plaintiff has provided a sworn statement which includes both direct evidence of retaliatory motivation (in the form of the defendant's alleged explicit threats and statements) and a chronology of events suggesting that defendant Smith issued the June 7, 2005 disciplinary report in retaliation for the plaintiff's filed of administrative grievances against the defendant and other security officers.  Based upon this non-conclusory factual recitation, contrasted

with the defendant's non-specific and self-serving conclusory assertion, the Court concludes that the plaintiff has overcome his burden and that there is a disputed issue of material fact in this case whether defendant Smith retaliated against the plaintiff for the plaintiff's use of the prison's grievance procedures.  Accordingly, the defendant's motion for summary judgment should be denied.[2]

---

[2] The Court notes that the plaintiff's recitation of facts in this case includes a great deal of information relative to events occurring after June 7, 2005.  The plaintiff is advised, however, that most of this information is irrelevant inasmuch as the sole issue before the Court is whether the defendant retaliated against the plaintiff in May and/or June, 2005, and does not include events occurring thereafter.

**RECOMMENDATION**

It is recommended that the defendant's Motion for Summary Judgment, rec.doc.no. 112, be denied, and that this action be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, September 28, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**