UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN A. THOMAS (#177753)                               CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                               NO. 05-0941-JJB-CN

O R D E R

As pertinent to the present posture of this case, the pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, contends that the single remaining defendant, Reginald Smith, acted to cause the issuance (by another officer) of a retaliatory disciplinary report against the plaintiff on or about May 18, 2005, and that defendant Smith himself issued a retaliatory disciplinary report against the plaintiff on or about June 7, 2005.  Pursuant to earlier motion in this case, rec.doc.no. 2, the plaintiff sought leave to proceed in forma pauperis without the prepayment of fees and costs. This motion was granted by the Court on October 10, 2005, and the plaintiff was allowed to so proceed.  See rec.doc.no. 6.

Notwithstanding the prior grant of in forma pauperis status to the plaintiff in this case, the rules relative to in forma pauperis status in cases brought pursuant to 42 U.S.C. § 1983 provide, at  28 U.S.C. § 1915(g), that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), the Fifth

Circuit Court of Appeals examined the effect of this statute and concluded that all civil actions or appeals dismissed as frivolous, malicious or for failure to state a claim shall be considered as within the ambit of the "three strikes" provision of § 1915(g).  Dismissals as frivolous in either the district court or the court of appeals count for purposes of the statute.  Id.  In addition, Adepegba instructs that the Court should revoke the prior grant of in forma pauperis status to inmates who subsequently "strike out" and should require that these inmates pay the Court's filing fee or face dismissal of their pending actions.  Id.

It has recently come to the Court attention that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the United States courts which have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.[1]  Because it is clear that the plaintiff is now barred from proceeding in forma pauperis in this case,[2] he is required to pay the full amount of the Court's filing fee.  Therefore;

**IT IS ORDERED** that the Order of this Court dated October 6, 2005, rec.doc.no. 6, pursuant to which the plaintiff was granted in forma pauperis status in the above-captioned proceeding, be and it is hereby **VACATED**.

---

[1] Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include but are not limited to John A. Thomas v. Steve Prator, et al., Civil Action No. 02-1655-SMH (W.D. La.)(appeal dismissed as frivolous), John A. Thomas v. Caddo Parish Indigent Defenders, et al., Civil Action No. 03-1854-SMH (W.D. La.), and John A. Thomas v. Willie Webb, et al., Civil Action No. 06-0187-JVP-SCR (M.D. La).

[2] The Court finds that the allegations of the plaintiff's Complaint do not fall within the exception to the statute.

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed in forma pauperis herein, rec.doc.no. 2, be and it is hereby **DENIED**, and the plaintiff is granted twenty (20) days from the date of this Order within which to pay $250.00, the full amount of the Court's filing fee herein. The plaintiff is advised that failure to pay the required amount within 20 days shall result in the dismissal of his Complaint without further notice from the Court.

Signed in chambers in Baton Rouge, Louisiana, August 5, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**